|  |  |
|---|---|
|  | MEDICAL MALPRACTICE |
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

| | |
|---|---|
| Nancy J. Nicholson, | Court File No. |
| Plaintiff, | |
| vs. | **SUMMONS** |
| Walgreen Co., | |
| Defendant. | |

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon Plaintiff's attorney an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Date: 11-14-8

James P. Carey, #180555
Attorney for Plaintiff
**Sieben, Grose, Von Holtum & Carey, LTD**
900 Midwest Plaza East
800 Marquette Ave
Minneapolis, Minnesota 55402
(612) 333-4500

PI1#464528v1



EXHIBIT A

|  |  |
|---|---|
| STATE OF MINNESOTA | MEDICAL MALPRACTICE |
|  | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

| | |
|---|---|
| Nancy J. Nicholson, | Court File No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Walgreen Co., | |
| Defendant. | |

PLAINTIFF FOR HER CAUSE OF ACTION AGAINST THE DEFENDANT, STATES AND ALLEGES AS FOLLOWS:

I.

That Plaintiff, at all times material herein, has been a resident of the County of Ramsey, State of Minnesota.

II.

That, at all times material herein, Defendant Walgreen Co. was engaged in the business of providing pharmaceutical services, acting through its agents, servants, and employees, in or near the City of St. Paul, County of Ramsey, State of Minnesota.

III.

That, on or about April 12, 2007, Plaintiff Nancy Nicholson presented to Walgreens pharmacy located at 734 Grand Avenue in St. Paul, Minnesota, to have her prescription for Propylthiouracil (hereinafter "PTU") filled after recently being diagnosed with Graves Disease.

IV.

That, during the pharmacy visit cited above, Plaintiff did not receive her prescription of PTU but instead erroneously received a prescription of Mercaptopurine (hereinafter "6MP") an immunosuppressive drug.

V.

That, immediately following receipt of the prescription, Plaintiff began taking the medication believing it to be the PTU prescribed by her physician, Dr. Kimberly Anderson.

VI.

That, on May 10, 2007, Plaintiff called Dr. Kimberly Anderson indicating she did not believe the medication was working and that she was experiencing terrible hot flashes.

VII.

That, on May 24, 2007, Plaintiff attended an appointment with Dr. Kimberly Anderson and reported she had been feeling tired and had irritable eyes. Since Dr. Anderson was under the impression that Walgreens had correctly filled Plaintiffs' prescription of PTU, she

2

increased Plaintiffs dose of PTU from 50 mg twice daily to 100 mg twice daily.

VIII.

That, on May 27, 2007 Plaintiff was hospitalized for a bacterial infection resulting in abdominal pain and dehydration. Plaintiff was also suffering from severe fatigue and malaise for not receiving the correct medication for her Graves Disease.

IX.

That, on May 31, 2007, Plaintiff was evaluated by endocrinologist Dr. Harold Katz who discovered Plaintiff had been given the wrong medication. Dr. Katz provided Plaintiff with a new prescription for PTU and Plaintiff began taking the correct medication on this date.

X.

That, in mis-filling Plaintiff's prescription, Defendant Walgreen Company negligently failed to exercise the standard of care required of them.

XI.

That, the mis-filling of Plaintiff's prescription would not occur absent someone's negligence.

XII.

That, the filling of Plaintiff's prescription was under the direct control of the Defendant.

XIII.

That, Plaintiff took no voluntary action nor did Plaintiff contribute in any way to the mis-filling of the prescription.

3

XIV.

That, at all times relevant hereto, the Defendant and its employees had sole possession and control over the drugs utilized to fill Plaintiff's prescription and therefore the legal concept of *Res Ipsa Loquitur* applies.

XV.

That, the Defendant, in connection with its activities, employs the services of pharmacists, and other professional employees, and holds them out and warrants them to the public to be competent, careful and experienced in the care and treatment of customers.

XVI.

That, the Defendant owes a non-delegable duty to its customers to provide the proper prescription.

XVII.

That, in allegedly caring for Plaintiff, Nancy Nicholson, the Defendant breached its duty to Plaintiff Nancy Nicholson.

XVIII.

That, as a result of Defendant's mis-filling of Plaintiff's prescription, Plaintiff suffered the injuries and damages more fully set forth in Paragraph VIII of this Complaint.

XIX.

That, as a direct and proximate result of the negligence of Defendant through its agents and employees, Plaintiff, Nancy Nicholson has incurred medical expense and emotional and physical pain, all of which is to her damage in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, Plaintiff, Nancy Nicholson, prays for judgment against the Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with his costs and disbursements herein and interest allowable under Minn. Stat. §549.09.

Date: 11-14-8

James R. Carey, #180555
Attorney for Plaintiff
**Sieben, Grose, Von Holtum & Carey, LTD**
900 Midwest Plaza East
800 Marquette Ave
Minneapolis, Minnesota 55402
(612) 333-4500

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211, Subd. 2, to the party against whom the allegations in this pleading are asserted.

Date: 11-14-8

James P. Carey #180555

Pl1#463769v1

5